# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1032V
Filed: January 11, 2024

| | |
|---|---|
| * * * * * * * * * * * * * <br> TASHA LEE, *as mother and natural guardian of minor A.B.,* and JOSE BOTELLO, *as father and natural guardian of minor A.B.*, <br><br> Petitioners, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. <br> * * * * * * * * * * * * * | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

*Jeffrey Pop, Esq.*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.
*Jennifer Shah, Esq.*, US Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On July 31, 2017, Tasha Lee ("Ms. Lee") and Jose Botello ("Mr. Botello") ("petitioners") filed a petition pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 *et seq.*[2] ("Vaccine Act" or "the Program") on behalf of their child, A.B. Petitioners allege that A.B. developed Guillain-Barre Syndrome ("GBS") as a result of the hepatitis A vaccination she received on May 3, 2016. Stipulation, filed January 11, 2024, at ¶¶ 1-4, ECF No. 80. Respondent denies that the vaccine caused A.B.'s injury. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On January 11, 2024, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

Respondent agrees to issue the following payment:

    a) **A lump sum of $5,000.00,** which amount represents reimbursement of a lien for services rendered on behalf of A.B., **in the form of a check payable to petitioner and The Rawlings Company LLC:**

The Rawlings Company LLC
ATTN: Benjamin P. Jenks
Reference No.: 117547475
P.O. Box 2000, La Grange, KY 40031-2000

Petitioners agree to endorse this check to The Rawlings Company.

    b) **An amount of $20,000.00 to purchase the annuity contract described in paragraph 10 below,** paid to the life insurance company from which the annuity will be purchased.

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

    **s/ Mindy Michaels Roth**
    Mindy Michaels Roth
    Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

TASHA LEE, as mother and natural guardian of minor A.B., and JOSE BOTELLO, as father and natural guardian of minor A.B.,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

No. 17-1032V
Special Master Roth
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, A.B., a Minor, Tasha Lee and Jose Botello ("petitioners"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to A.B.'s receipt of the Hepatitis A vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. A.B. received the vaccination on May 3, 2016.

3. The vaccine was administered within the United States.

4. Petitioners allege that A.B. suffered from Guillain-Barré syndrome ("GBS") as a result of the Hepatitis A vaccine and that she suffered the residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of A.B. as a result of her condition.

6. Respondent denies that the Hepatitis A vaccine caused A.B.'s GBS or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum of $5,000.00,[1] which amount represents reimbursement of a lien for services rendered on behalf of A.B., in the form of a check payable jointly to petitioners and The Rawlings Company LLC:

        The Rawlings Company LLC
        ATTN: Benjamin P. Jenks
        Reference No.: 117547475
        P.O. Box 2000, La Grange, KY 40031-2000.

Petitioners agree to endorse this check to The Rawlings Company.

    b. An amount of $20,000.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action The Rawlings Company LLC or the State of Texas may have against any individual as a result of any Medicaid payments the State of Texas has made to or on behalf of A.B. as a result of her alleged vaccine-related injury suffered on or about May 3, 2016, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.   A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b.   Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c.   Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d.   Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of A.B., pursuant to which the Life Insurance Company will agree to make payments periodically to A.B. as set forth below:

   a. A lump sum of $13,880.00 payable on July 9, 2031.

   b. A lump sum of $13,880.00 payable on August 9, 2031.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $20,000.00. In the event that the cost of the annuity set forth above varies from $20,000.00, the actual lump sum payable on August 9, 2031, shall be adjusted accordingly to ensure that the total cost of the annuity is neither less nor greater than $20,000.00. Should A.B. predecease any of the certain payments set forth above, any remaining certain payments shall be made to her estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within **twenty (20)** days of A.B.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary

of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of A.B. as contemplated by a strict

construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or if necessary will become, authorized to serve as guardian(s)/conservator(s) of A.B.'s estate if required under the laws of the State of Texas.

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of A.B., on behalf of themselves, A.B., and her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of A.B. resulting from, or alleged to have resulted from, the Hepatitis A vaccination administered on May 3, 2016, as alleged by petitioners in a petition for vaccine compensation filed on or about July 31, 2017, in the United States Court of Federal Claims as petition No. 17-1032V.

18. If A.B. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Hepatitis A vaccine caused A.B. to suffer from GBS or any other injury or condition.

23. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of A.B.

END OF STIPULATION

/
/
/

Respectfully submitted,

**PETITIONER:**

*/s/ Tasha Lee*
TASHA LEE

**PETITIONER:**

*/s/ Jose Botello*
JOSE BOTELLO

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:**<br><br>*/s/ Jeffrey S. Pop*<br>JEFFREY S. POP<br>JEFFREY S. POP & ASSOCIATES<br>9150 Wilshire Blvd., Suite 241<br>Beverly Hills, CA 90212-3429<br>jpop@poplawyer.com | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**<br><br>*/s/ Heather L. Pearlman*<br>HEATHER L. PEARLMAN<br>Deputy Director<br>Torts Branch<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146 |
| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**<br><br>George R. Grimes -S14<br>Digitally signed by George R. Grimes -S14<br>Date: 2023.12.26 20:03:50 -05'00'<br><br>CDR GEORGE REED GRIMES, MD, MPH<br>Director, Division of Injury<br> Compensation Programs<br>Health Systems Bureau<br>Health Resources and Services<br> Administration<br>U.S. Department of Health<br> and Human Services<br>5600 Fishers Lane, 08W-25A<br>Rockville, MD 20857<br><br>Dated: 1/11/24 | **ATTORNEY OF RECORD FOR RESPONDENT:**<br><br>*/s/ Jennifer A. Shah*<br>JENNIFER A. SHAH<br>Trial Attorney<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146<br>Tel: (202) 305-2181<br>jennifer.shah@usdoj.gov |